UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01633-JCH |
| | ) | |
| HSBC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant HSBC Mortgage Services, Inc.'s ("HSBC") Partial Motion to Dismiss Counts I and III of the First Amended Complaint, filed on December 21, 2016. (ECF No. 19.) The Motion has been fully briefed and is ready for disposition.

**BACKGROUND**

In February 2006, Plaintiff Brenda Parker obtained two separate federally related mortgage loans from Intervale Mortgage Corporation. The servicing interests in Plaintiff's mortgage loans were transferred to HSBC in April 2006. (ECF No. 15.) In 2009, Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code. Plaintiff emerged from bankruptcy in April 2014.

On September 12, 2016, Plaintiff filed suit against HSBC, asserting several federal and state-law claims based upon allegations that HSBC had improperly serviced her mortgage loans, and that HSBC had failed to adequately respond to her various written requests for information and documentation pertaining to her loans. (ECF No. 1.1.) HSBC timely removed the action to this Court and thereafter moved under Federal Rule of Civil Procedure 12(b)(6) for dismissal of the original complaint for failure to state a claim. (ECF Nos. 1, 8.) On December 12, 2016, the

1

Court granted Plaintiff leave to file a first amended complaint (hereinafter, the "Complaint"). (Complaint, ECF No. 15.)

In her Complaint, Plaintiff essentially alleges that HSBC engaged in unfair, deceptive, and misleading practices in connection with the servicing of her mortgages, in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407, et seq. ("MMPA"). Plaintiff also alleges that from 2013 through 2014 her bankruptcy attorney and her tax attorney sent numerous qualified written requests ("QWRs") to HSBC, disputing the amount of arrearages claimed owed by HSBC; seeking an explanation concerning the origin of the alleged post-petition mortgage arrearages; and requesting various tax documents, as well as proof of all post-petition mortgage payments. According to Plaintiff, HSBC repeatedly failed to investigate and adequately respond to her QWRs, in violation of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2605 ("RESPA") (Count I). Plaintiff further asserts claims of negligence (Count III) and breach of contract.

As relevant, with respect to the damages Plaintiff sustained in connection with HSBC's alleged violations of the RESPA, Plaintiff asserts the following: "As a direct and proximate result of HSBC's actions, Plaintiff has suffered and continues to suffer economic and emotional damages, including but not limited to loss of real and personal property, the loss of equity in his [sic] property, a damaged credit rating, and stress, embarrassment and humiliation." (Complaint, ¶ 121.) Plaintiff asserts the same damages allegation in connection with her MMPA claim. *Id.* ¶ 131.

As mentioned above, HSBC now moves, pursuant to Rule 12(b)(6), for partial dismissal of Counts I and III of the Complaint for failure to state a claim. (ECF No. 19.) Plaintiff has filed a Response in opposition to the Motion. (ECF No. 26.)

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Thus, in order to survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

## DISCUSSION

As an initial matter, in her Response to HSBC's Motion, Plaintiff concedes that her negligence claim should be dismissed. Thus, the Court will dismiss Count III of the Complaint. (ECF No. 26.) For the reasons set forth below, the Court will also dismiss Count I of the Complaint.

HSBC argues that Plaintiff has failed to plead a causal connection between her alleged damages and the specific RESPA violations alleged, and that she has thus failed to sufficiently plead recoverable damages under the RESPA.[1]  Plaintiff counters that there is no requirement that her damages be exclusively the result of HSBC's RESPA violations, and that she only need allege with specificity that a RESPA violation occurred and as a result she was damaged.

Under the RESPA, a borrower is permitted to submit to a servicer of her federally related mortgage loan a QWR for "information related to the servicing" of the loan, and the servicer is required to respond accordingly.  12 U.S.C. § 2605(e).  A failure to comply with the requirements imposed under the RESPA renders the servicer liable for "any actual damages to the borrower *as a result of* the failure."  12 U.S.C. § 2605(f)(1) (emphasis added).  In order to survive a motion to dismiss on a RESPA claim, a complaint must include both an allegation of actual damages and an allegation of a causal relationship between the RESPA violation and the damages.  *See Hinz v. JPMorgan Chase Bank*, N.A., 686 F.3d 505, 510-11 (8th Cir. 2012); *Silberstein v. Fed. Nat'l Mortg. Ass'n*, No. 5:16-CV-05331, 2017 WL 187165, at *3-4 (W.D. Ark. Jan. 17, 2017).

The Court finds that Plaintiff's Complaint fails to sufficiently allege a causal connection between HSBC's alleged RESPA violations and her actual damages, and that her RESPA claim must therefore be dismissed.  Plaintiff's damages allegation is no more than a "'threadbare recital[ ] of the elements of a cause of action.'"  *See Silberstein*, 2017 WL 187165 at *4 (quoting *Ashcroft*, 556 U.S. at 678) (where complaint stated that as result of defendant's failure to respond

---

[1] HSBC also argues that Plaintiff has failed to allege a pattern or practice of misconduct on behalf of HSBC.  Under the RESPA, "in the case of a pattern or practice of noncompliance" with RESPA's requirements, a court may award a plaintiff "any additional damages," not to exceed $2,000.  12 U.S.C. § 2605(f)(1)(B).  Plaintiff's Complaint, however, does not state a claim for statutory damages, and Plaintiff's response to HSBC's Motion makes no mention of her intent to do so.  Therefore, the Court need not address the argument further.

4

in accordance with RESPA plaintiffs had sustained damages in form of attorney's fees, mental anguish, damage to their credit and reputation, and potential decrease in property value, Plaintiffs' assertion was "the epitome of a legal conclusion"); *see also Gorbaty v. Wells Fargo Bank, N.A.*, No. 10-CV-3291, 2014 WL 4742509, at *5 (E.D.N.Y. Sept 23, 2014) (dismissing plaintiff's RESPA claim where plaintiff generally alleged that she suffered emotional distress, reputational harm, loss of equity in her home, and costs of litigation as result of defendant's RESPA violations); *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010).

In addition, Plaintiff's damages allegation is not specific to her RESPA claim. Rather, Plaintiff asserts the same damages allegation in connection with her MMPA claim, and the Complaint contains no factual allegations indicating how her damages resulted from HSBC's alleged failure to comply with the RESPA, as opposed to HSBC's underlying failure in servicing the loans. *See Dunn-Mason v. JP Morgan Chase Bank*, N.A., No. 11-cv-13419, 2013 WL 5913684, *10 (E.D. Mich. Nov. 1, 2013). The Court notes that in her Response to HSBC's Motion, Plaintiff alleges that her emotional damages resulted from the stress of constantly being told she was in default on her loans without explanation and not receiving accurate documentation. Plaintiff also alleges therein that she suffered actual monetary damages in hiring an attorney to send a QWR to HSBC and to assist her in the problems she was having with HSBC. Plaintiff's Complaint, however, is devoid of such factual allegations. *See id.*; *see also Lawther v. Onewest Bank*, No. C 10-0054 RS, 2010 WL 4936797, at *7 (N.D. Cal. Nov. 30, 2010) ("It is the plaintiff's pleading obligation to point to some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA.").

For the foregoing reasons, the Court concludes that Count I of the Complaint fails to state a claim. Plaintiff's RESPA claim will therefore be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that HSBC Mortgage Services, Inc.'s Partial Motion to Dismiss Counts I and III of the First Amended Complaint (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts I and III of the First Amended Complaint are **DISMISSED without prejudice**.

Dated this 8th day of February, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE